NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INGERSOLL-RAND COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>BILL BARNETT, ALAIN MAIRE, RAMESH PATEL, EUGENE SEROTINI, DAVID SHEMELD, ALAN THORPE, JOHN DOES (heretofore unidentified individuals), & JANE ROES (heretofore unidentified individuals),<br><br>        Defendants. | CIVIL ACTION NO. 05-1636 (DRD)<br><br>OPINION |

Appearances

Anthony Bartell, Esq.
Jerry Sattin, Esq.
Adam Alster, Esq.
Carey Francis, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry St.
P.O. Box 652
Newark, NJ 07101

   *Attorneys for Plaintiff*

James Forte, Esq.
Michael Geraghty, Esq.
SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
One Gateway Center, 13th Floor
Newark, NJ 07102

   *Attorneys for Defendants Bill Barnett, Ramesh Patel, Eugene Serotini, David Shemeld & Alan Thorpe*

1

## *OPINION*

**DEBEVOISE, SENIOR DISTRICT JUDGE**

Presently before the court is the motion of Plaintiff Ingersoll-Rand Company ("Plaintiff") to remand this action to the Superior Court of New Jersey. For the reasons set forth below, the motion to remand will be denied.

## *FACTS*

On or about February 10, 2005, Plaintiff filed this declaratory judgment action in the Superior Court of New Jersey, Law Division, Bergen County, bearing docket number L-1075-05. The original complaint named as defendants Bill Barnett, Ramesh Patel, Eugene Serotini, David Shemeld & Alan Thorpe (the "Removing Defendants"). Plaintiff filed an Amended Complaint on or about March 4, 2005, which added Alain Maire as a defendant to this action. On or about March 24, 2005, the Removing Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Plaintiff is a corporation organized under New Jersey law, with its principal place of business at 155 Chestnut Ridge Road, Montvale, New Jersey. At the time the original complaint, the Amended Complaint, and the Notice of Removal were filed, Defendants resided at the following addresses:

1. Barnett resided at 18319 Bluewater Cove Drive, Humble, Texas;
2. Patel resided at 5926 Stratford Gardens, Sugarland, Texas;
3. Serotini resided at 286 Firth Street, Inverness, Illinois;
4. Shemeld resided at 219 West Shore Road, Cuba, New York;
5. Thorpe resided at 3 Brookland Close, Irlam, Manchester, England; and
6. Maire resided at 7 rue Othon Friesz, 76600, Le Havre, France.

The Removing Defendants state in their Notice of Removal that the district court has

original jurisdiction under 28 U.S.C. § 1332 due to the diversity of citizenship of the parties and the amount in controversy exceeding $75,000. With respect to the amount in controversy requirement, the Notice of Removal states that "the Sale Value Units granted to [Defendants] entitled them to convert the Sale Value Units to cash in an aggregate amount in excess of $75,000, exclusive of interest and costs, upon the sale of Dresser-Rand." (Notice of Removal ¶ 7.) The Notice of Removal states that "[t]he consent of Mr. Maire to the removal of this action to this Court is not required because he has not been properly served with a Summons and Amended Complaint, upon the filing of an affidavit of diligent inquiry as required under applicable law set forth in Rule 4:4-4 of the Rules Governing the Courts of the State of New Jersey." (Notice of Removal ¶ 5.)

On April 4, 2005, Plaintiff filed a Proof of Service and Affidavit of Inquiry as to each Defendant. In the Proof of Service and Affidavit of Inquiry for Alain Maire (the "Proof of Service and Affidavit"), which is dated April 4, 2005, Plaintiff's counsel states that copies of the Summons and Amended Complaint were mailed on March 7, 2005 to Maire's residence in France by both registered airmail, return receipt requested, and first class air mail. The Proof of Service and Affidavit also states that counsel for Plaintiff received from Maire a telephone call on March 14, 2005, during which conversation Plaintiff's counsel gathered that Maire had received and reviewed the Summons and Amended Complaint but would not send the return receipt card. In his certification, Plaintiff's counsel states the following:

> 7. On March 14, 2005, I received a telephone call from Mr. Maire. Mr. Maire contacted me to discuss [Plaintiff's] Summons and Amended Complaint, which he had received and reviewed. I refused to discuss the merits of this action with Mr. Maire and suggested he consult with an attorney.

      8.      On April 6, 2005, I received a letter from Mr. Maire, dated March 25, 2005, which offers his further thoughts on [Plaintiff's] Amended Complaint. A true copy of Mr. Maire's March 25, 2005 letter is attached hereto as Exhibit D.

(Bartell Certification ¶¶ 6-7.) In the letter dated March 25, 2005, Maire writes as follows:

> DEAR SIR
> A/ I just want to alert you of the following:
>
>     1/ contrary to what is said in the **civil case information statement** I am not a direct employee of INGERSOLL RAND
>
>     2/ I have contrary to what is said no direct controversy with INGERSOLL RAND
>
> B/ I consider this letter sufficient to stop any legal action against me in the US
>
> C/ On the other hand I have the following comments:
>
>     1/ Yes DRESSER RAND SA ows [sic] me since january [sic] 31st 2005 the full amount of the SVU program
>
>     2/ as defined in the **civil case information statement** this is a matter between employer/employee wich [sic] for me is between DRESSER RAND SA and I [sic] under French law
>
> Very truly yours
> ALAIN MAIRE

(Id., Ex. D.)

Plaintiff seeks a declaration that it bears no obligation to any of the Defendants under an expired Sale Incentive Plan ("SIP"). In or about 2000, Plaintiff, as part of its effort to sell its subsidiary Dresser-Rand, established the SIP to reward certain employees upon the successful sale of Dresser-Rand. Under the SIP, Plaintiff granted certain employees Sale Value Units ("SVUs") which converted into cash upon the successful sale of Dresser-Rand. The value of the SVUs allegedly derived entirely from the net sale price of Dresser-Rand. According to Plaintiff,

the SVUs expired on December 31, 2002 because Plaintiff did not sell Dresser-Rand by that date. The Removing Defendants contest the alleged expiration of the SVUs.

In 2004, Plaintiff allegedly initiated a new attempt to sell Dresser-Rand. In connection with this attempt, Plaintiff allegedly introduced a new sale reward plan (the "2004 Rewards Plan") which, unlike the SIP, would apply only to Plaintiff's active employees at the time Plaintiff sells Dresser-Rand. According to Plaintiff, Plaintiff sold Dresser-Rand at the end of 2004 for a gross sale price of $1.2 billion, with net proceeds from the sale approximating $606 million.

Plaintiff alleges that Defendants cannot recover under the 2004 Rewards Plan because they retired from Dresser-Rand prior to its sale. The Removing Defendants, on the other hand, demand payment under the SIP, contending that Dresser-Rand's 2004 sale triggered their rights under the SIP. Plaintiff alleges that, if the SIP remained effective, then each Defendant would hold SVUs worth:

1. Barnett – $107,400
2. Patel – $64,440
3. Serotini – $81,624
4. Shemeld – $81,624
5. Thorpe – $34,368
6. Maire – $64,440

The Removing Defendants contest Plaintiff's calculation of net sales proceeds as well as the value of each of the Defendants' SVUs, arguing that net sales proceeds total approximately $951 million and that the value of each of the Removing Defendants' SVUs are worth more than $75,000.

## *DISCUSSION*

Plaintiff's motion to remand is premised primarily on two grounds: (1) the Removing Defendants did not obtain the consent of one of the Defendants, Alain Maire, to remove this action; and (2) the Removing Defendants do not meet the $75,000 amount in controversy required for diversity jurisdiction.

To remove an action pending in state court to federal court, defendants must comply with the procedure outlined in 28 U.S.C. § 1446. The statute provides in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Until a defendant is served with the summons and complaint, his time to remove is not triggered because "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 347.

The Removing Defendants bear the burden of establishing that federal jurisdiction exists and that the case should not be remanded. Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 341 (D.N.J. 2001). Furthermore, the removal statutes "are to be strictly construed against

removal and all doubts should be resolved in favor of remand." Id. (citation omitted).

**A.  Serving Maire by mail**

The threshold issue is whether Maire had been served properly by March 25, 2005, the date on which the Removing Defendants filed their Notice of Removal.  If Maire had been served by that date, then the Removing Defendants should have obtained Maire's consent to remove in order for the removal to be effective.  It is "well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition . . ." Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900).  Despite the ambiguity of the term "defendant or defendants" in Section 1446(a) of 28 U.S.C., which requires that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal," removal generally requires unanimity among the defendants.  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  The unanimity rule, however, may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; (2) a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendants filed their removal petition.  Id.  In this case, by contending that Maire's consent to removal was not required because Maire was not served properly, the Removing Defendants apparently argue that the third exception to the unanimity rule applies.

Whether Maire had been served properly is governed by New Jersey Civil Practice Rule 4:4-4, specifically subsection (b)(1)(C).[1]  See 14 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

---

[1] Plaintiff also argues that its service of process on Maire complies with paragraphs (b)(1)(B) & (c) of Rule 4:4-4, but these paragraphs are inapplicable.  Paragraph (b)(1)(B) applies only to personal service outside the United States in accordance with a treaty or convention, not mailed service.  Paragraph (c) applies only where personal service is required to be made within New Jersey under paragraph (a); therefore, paragraph (c) is inapplicable to service upon Maire

PRACTICE ¶ 81.04 ("After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal.  Thus, state law controls such procedural issues as questions concerning the time at which an action is considered commenced, the appearance of parties in the action, relation back to initial filing, and the form, filing, and service of pleadings.").  Rule 4:4-4(b)(1)(C) provides in pertinent part:

> *If it appears by affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made . . ., then*, consistent with due process of law, in personam jurisdiction may be obtained over any defendant . . . [by] mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to" the defendant's residence.

N.J. CIV. PRACTICE R. 4:4-4(b)(1)(C) (emphasis added).  The Removing Defendants argue that the italicized portion of the rule requires that, in order for Maire to have been served properly and for the court to have jurisdiction over Maire, Plaintiff must have filed an affidavit of inquiry prior to mailing the Summons and Amended Complaint to Maire.  As support, the Removing Defendants cite a comment to the rule, which states that subsection (b)(1)(C), "following customary practice, requires, before resort to its provisions, the filing of an affidavit satisfying the requirement of R. 4:4-5(a)(2) regarding diligent effort and consequent inability to make service in accordance with paragraph (a)."  R.4:4-4 cmt.9.

Plaintiff, on the other hand, argues that a fair reading of Rule 4:4-4(b)(1)(C) merely "requires that plaintiff conduct the diligent inquiry before effecting service by mail, not that plaintiff prepare and file the Affidavit prior to service."  (Reply Br. at 6.)  As support for its position, Plaintiff cites Rule 4:4-7, which states in pertinent part:

---

because Maire was not required to be served personally within New Jersey under paragraph (a).

> If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment. *With the proof shall be filed the affidavit or affidavits of inquiry, if any, required by R. 4:4-4 and R. 4:4-5.* Where service is made by registered or certified mail and simultaneously by regular mail, the return receipt card or the unclaimed registered or certified mail shall be filed as part of the proof. *Failure to make proof of service does not affect the validity of service.*

N.J. CIV. PRACTICE R. 4:4-7 (emphases added). Rule 4:4-7 requires the filing of the affidavit of inquiry together with the proof of service, which would mean that the affidavit of inquiry need not be filed prior to service of process.

Rules 4:4-4(b)(1)(C) and 4:4-7 are not inconsistent in their requirements. As a precondition to service by mail, Rule 4:4-4(b)(1)(C) requires the *preparation* of an affidavit of inquiry. See Kramer v. Monogram Models, Inc., 700 F. Supp. 1348, 1355 (D.N.J. 1988), *rev'd on other grounds sub nom.* Palestri v. Monogram Models, Inc., 875 F.2d 66 (3d Cir. 1989); see also Sobel v. Long Island Entertainment Prods., Inc., 329 N.J. Super. 285, 291 (N.J. Super. Ct. App. Div. 2000) ("a prerequisite for serving a defendant outside the State is an "affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service" cannot be effected within the State."). Failing to comply with Rule 4:4-4(b)(1)(C) means that service was not proper. See Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (N.J. 1952) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with.") Rule 4:4-7, on the other hand, governs the *filing* of an affidavit of inquiry and provides that such an affidavit must be filed with the proof of service. In this case, Maire was not properly served by mail. Although Plaintiff complied with Rule 4:4-7 by filing the proof of service and affidavit of inquiry after attempting

9

to serve Maire by mail, the affidavit of inquiry was not prepared before Plaintiff attempted to serve Maire by mail as required by Rule 4:4-4(b)(1)(C).  Because Maire has not been served properly in this action, the thirty-day removal period was not triggered and the Removing Defendants did not need to obtain Maire's consent to removal.  See Murphy Bros., 526 U.S. at 347-48.

**B.  Amount in controversy requirement**

The amount in controversy requirement has been satisfied in light of the Supreme Court's recent opinion in Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. ___, 125 S. Ct. 2611 (June 23, 2005).  In Allapattah, the Supreme Court held "that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."  Id. at 2615.  In this case, the Removing Defendants have asserted counterclaims to recover the amounts allegedly owed them under the SIP.  The court would have jurisdiction over this action even according to Plaintiff's calculations (assuming *arguendo* the SIP remained effective when Dresser-Rand was sold), which attribute to each of three Defendants – *i.e.*, Barnett, Serotini, and Shemeld – SVUs worth more than $75,000.  The amount in controversy of at least these three Defendants exceeds $75,000, and supplemental jurisdiction may be exercised over the claims of the other Defendants.

At oral argument, Plaintiff urged the court to decline jurisdiction pursuant to 28 U.S.C. § 1367(c), which reads:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The court will not decline to exercise jurisdiction over counterclaims which do not by themselves meet the amount in controversy requirement because none of the considerations listed in § 1367(c) apply in this action.

## *CONCLUSION*

Because Maire's consent to removal was not required and the amount in controversy requirement has been met, the motion to remand will be denied. An appropriate order will be filed.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

August 19, 2005