NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INGERSOLL-RAND COMPANY,<br><br>      Plaintiff,<br><br>    v.<br><br>BILL BARNETT, ALAIN MAIRE, RAMESH PATEL, EUGENE SEROTINI, DAVID SHEMELD, ALAN THORPE, JOHN DOES (heretofore unidentified individuals) and JANE ROES (heretofore unidentified individuals),<br><br>      Defendants, | CONSOLIDATED<br>CIVIL ACTION NO. 05-1636 (DRD)<br><br>OPINION |
| SAMMY D. ANTOUN, BILL BARNETT, LARRY BETCHE, DALE W. BEEBEE, BARRY E. COTTRELL, ROBERT COUGHLIN, KEN FAHRBACH, JAMES D. FOLEY, BRIAN GALLAGHER, JOHN A. GEGUS, DAVE IOCCO, DAVID LAMOREAUX, ED KNOEPFLE, RAMESH PATEL, GARY F. PETERSON, DANTE E. RAMELLA, LAWRENCE RICHARDS, EDI BIOLCATI RINALDI, HANS RODBERG, MICHEL RABUTEAU, EUGENE SEROTINI, DAVID SHEMELD, JOHN SNYDER, ALAN THORPE, CHRISTOPHER J. TRIFFITT, JOHN DOES 1-20, and RICHARD ROES 1-20,<br><br>      Plaintiffs,<br><br>    v.<br><br>INGERSOLL-RAND COMPANY, a New Jersey Corporation,<br><br>      Defendant. | |

Appearances by:

Anthony Bartell, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

>   *Attorney for Ingersoll-Rand Company, Declaratory Judgment Plaintiff*

Jerry P. Sattin, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

>   *Attorney for Ingersoll-Rand Company, Declaratory Judgment Plaintiff and Counter Defendant*

Carey Francis, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

>   *Attorney for Ingersoll-Rand Company, Antoun Defendants*

James H. Forte, Esq.
SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311

>   *Attorney for Declaratory Judgment Defendants and Antoun Plaintiffs*

Scott Steiner, Esq.
Kevin Kostyn, Esq.
STEINER & KOSTYN, LLP
2 William Street, Suite 302
White Plains, New York 10601

>   *Of Counsel for Declaratory Judgment Defendants and Antoun Plaintiffs*

**Debevoise, United States Senior District Judge**

Ingersoll-Rand Company ("Ingersoll-Rand") petitions this Court to reconsider its Opinion and Order dated October 23, 2006 which denied Ingersoll-Rand's motion for partial summary judgment to dismiss the claims of the plaintiffs in the action entitled Sammy D. Antoun et al. v. Ingersoll-Rand Co.,[1] ("Antoun Plaintiffs") and granted Antoun Plaintiffs' motion for partial summary judgment to dismiss Ingersoll Rand's Second and Third Affirmative Defenses. Ingersoll-Rand urges the Court to reverse its ruling, which it characterizes as *sua sponte*, because it would be deprived unjustly of a ruling on the issue of the termination of the Sales Incentive Program ("SIP").

Ingersoll-Rand also argues that granting the Antoun Plaintiffs' motion for partial summary judgment will create a manifest injustice that can only be prevented by the Court reversing its decision. For the reasons cited below, Ingersoll-Rand's motion for reconsideration will be denied.

## BACKGROUND

Because the historical and procedural background to the case, as well as the court's analysis of the legal and factual issues, were presented in great detail in its October 23, 2006 Opinion, and for reasons of judicial economy, they will not be repeated here.

Ingersoll-Rand objects to the Court's consideration of the issue of whether the SIP, announced in September 2000, terminated prior to its October 2004 sale of Dresser-Rand Company ("Dresser-Rand"). Describing the issue as a "crucial" and "central issue in this case," Ingersoll-Rand argues that the Court's ruling is *sua sponte*, claiming that, not only did neither party raise nor brief the issue, but also that the "parties . . . explicitly agreed the Court need not rule on this issue

---

[1] Civil Action No. 05-2834 (HAA) which was consolidated into this action entitled Ingersoll-Rand Co. v. Bill Barnett et al.

to resolve their motions."

Ingersoll-Rand contends that "no where do the motion papers seek a determination of the SIP's expiration date" and that its

> 40 page summary judgment briefs mention the SIP's expiration only twice, i.e.: (a) the moving brief's Statement Of The Case provides that "Ingersoll Rand Contends the SVUs expired along with each employee's and retiree's rights under the SIP." (p.3); and (b) a footnote in the same Statement notes the three retirees' SVU carve-outs did not prevent the Plan from expiring (p.14). The "Argument" sections of Ingersoll Rand's briefs never mention the SIP termination issue.

Ingersoll-Rand asserts that it did not argue the SIP termination issue because it bore no relevance to the issue of whether the Claimants released their SVU claims. By deciding the issue of the termination of the SIP with the motions for partial summary judgment, Ingersoll-Rand asserts that the Court violated its due process rights by depriving it of advance notice and an opportunity to be heard.

The Antoun Plaintiffs oppose Ingersoll-Rand's motion.

**ANALYSIS**

Ingersoll-Rand petitions the Court for reconsideration of its October 23, 2006 Opinion and Order. In addition to its brief in support of its motion, it submits seven additional certifications from current or former officers, directors, and managerial employees of Ingersoll-Rand or Dresser-Rand, dated in November 2006. The Court also gave permission for Ingersoll-Rand to file a reply brief.

Ingersoll-Rand's challenge is twofold. First, Ingersoll-Rand contends that the Court's "ruling" that the SIP was in effect until Dresser-Rand was sold was issued *sua sponte* and is a clear error of law, which deprived Ingersoll-Rand of its due process rights to present evidence and be heard and which prejudiced Ingersoll-Rand by resolving the central issue in the case, thereby

4

exposing it to a multimillion dollar judgment.  Second,  Ingersoll-Rand contends that the Court incorrectly decided the motions for partial summary judgment on the unchallenged and subjective claims of the Antoun Plaintiffs while disregarding the unambiguous general release provisions of the severance agreements.

The Court finds, however, that Ingersoll-Rand mischaracterizes the action of the Court, disingenuously misstates its own facts, reargues matters already decided by the Court but with which it disagrees, and submits new evidence to support its position.

**Standard of Review for a Motion for Reconsideration**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  U.S. v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J.1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from a judgment, or order, under Fed. R. Civ. P. 60(b).  Id.

In the District of New Jersey, however, L. Civ. R. 7.1(g) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J.2001).  L. Civ. R. 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g).  See NL Industries, Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J.1996).

The standard for re-argument is high and reconsideration is to be granted only sparingly. See U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994).  The moving party has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999)(citation omitted).

5

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir.1989). Thus, reconsideration is not to be used as a means of expanding the record. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n. 3 (D.N.J.1992); Egloff v. N.J. Air Nat'l. Guard, 684 F. Supp. 1275, 1279 (D.N.J.1988).

Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n. 3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J.1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J.1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J.1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J.1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise

6

arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J.1998) (citation omitted).

**Ingersoll-Rand's Claim that the Court Issued a Ruling *Sua Sponte***

Ingersoll-Rand asserts that its "summary judgment briefs mention the SIP's expiration only twice."

The Court finds, however, that Ingersoll-Rand's June 23, 2006 brief in support of its motion for summary judgment, exclusive of the table of contents, contains no less than a baker's dozen references to the SIP as having been expired or lapsed. The statement of the case contained in the brief, in fact, devotes an entire section entitled "A. The Expired Sale Reward Plan," which states in part that

> [t]he SIP expressly conditioned payment upon Ingersoll Rand's sale of Dresser-Rand by December 31, 2002. . . . Ingersoll Rand could pay no award to a former employee unless Dresser-Rand sold by December 31, 2002. . . . Because Ingersoll Rand did not sell Dresser-Rand by December 31,2002, Ingersoll Rand contends the SVUs expired along with each employee's and retiree's rights under the SIP. . . . Ingersoll Rand advised these employees that because the SIP expired, they could receive no payment for the SVUs. Certain former Dresser-Rand employee, however, throughout the country, however, continued demanding payment for their expired SVUs.

The statement refers the reader back to one of the attached certifications, which also states that the SIP was expired. Additionally, its accompanying June 23, 2006 statement of undisputed material facts in support of its motion for summary judgment contains two references to the SIP as expired:

> Page 1, paragraph 4: Ingersoll Rand contends the SVUs expired along with each employee's and retiree's rights under the SIP"[2]
> and

---

[2] It is noted that Ingersoll-Rand did include, following the fact, the wording that "The Court need not rule on this issue to grant the relief requested by Ingersoll-Rand's motion."

7

>Page 3, paragraph 11: "Mr. Cottrell left the Company in September 2001, more than one year before the Company contends the SIP expired on December 31, 2002.

Again, in its August 21, 2006 reply brief in further support of its motion, Ingersoll-Rand make numerous references to the SIP as the "Expired Plan."

Therefore, not only did Ingersoll-Rand raise the issue before the Court, but it raised it many times over, inviting the Court to adopt Ingersoll-Rand's construction that the SIP was expired on December 31, 2001.

<u>Antoun</u> Plaintiffs, both in opposition to Ingersoll-Rand's motion and in support of their own motion for partial summary judgment, also quoted the words of the SIP, asserting that the plain language of the document showed that the plan had not expired at the time the releases were signed and was viable until Dresser-Rand Company was sold.

Both parties supported their views, and attacked their opponent's views, about the status of the plan after December 31, 2001.  Therefore, both parties raised the issue of the plan expiration as pertinent to their respective motions and should have had "reason to believe the court might reach the issue."  <u>Gibson v. Mayor and Council of the City of Wilmington</u>, 355. F.3d 215, 224 (3d Cir. 2004) (Agreeing with the determination of the First Circuit's definition of "notice" to mean "that the targeted party ' had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward.'").

The Court, however, after considering all the documents placed before it by the parties, including its own reading of the SIP plan document, did not decide the issue.  Based on this evidence presented by both parties at this early stage of the litigation, the Court merely stated that it was persuaded that the SIP was in full force and effect at the time the Antoun Plaintiffs signed their releases because the Court considered the viability of the Plan to be a threshold consideration inextricably intertwined with the determination of the parties' motions for partial summary

8

judgment. Simply put, if the Court was not persuaded that the SIP was viable effect at the time the releases were signed, there would have been no reason for the Court to reach the merits of the motions. The plan would have been defunct long before the agreements were presented and the releases signed, and the entire issue would have been moot.

Further, this has not, as Ingersoll-Rand asserts, prejudiced them in the central issue of the case. Ingersoll-Rand moved for partial summary judgment to dismiss the claims of certain Dresser-Rand employees who executed severance agreements containing release language. In response, the Antoun Plaintiffs moved for partial summary judgment to strike only the Second[3] and Third[4] Affirmative Defenses. The Court's determination was to deny Ingersoll-Rand's motion and to grant Antoun Plaintiffs' motion. It issued no other order. Therefore, Ingersoll-Rand's ability to argue the viability of the SIP and its other Affirmative Defenses remains.

**Ingersoll-Rand's Claim that the Court Incorrectly decided the Motions**

Second, Ingersoll-Rand argues that the Court incorrectly decided the motions for partial summary judgment on the unchallenged and subjective claims of the Antoun Plaintiffs while disregarding the unambiguous general release provisions of the severance agreements. In support of its argument, it requests the Court to consider seven previously unsubmitted exhibits in the form of a letter and six certifications.

Ingersoll-Rand, however, has failed to show that the Court overlooked factual matters or controlling decisions of law that would have resulted in a different outcome. In fact, Ingersoll-Rand argues just the opposite -- that the Court considered too much in its determination and, in doing so,

---

[3] "Plaintiffs claims are barred by the releases signed by plaintiffs upon termination of their employment with Dresser-Rand. . . ."

[4] "Plaintiffs claims are barred by the doctrine of accord and satisfaction."

9

arrived at the wrong decision. Clearly this is inappropriate as an attempt to re-argue a decision of the Court.

The Court rejects the submission of the seven new exhibits which concern the negotiated releases. This information was not unavailable or unknown at the time Ingersoll-Rand submitted its partial motion for summary judgment. It is inappropriate, therefore, for Ingersoll-Rand to attempt to submit it now to attempt to expand the record after the motion has been decided.

In sum, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration. It should be raised through appeal. A motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court. It is not to be used as a means of expanding the record nor to restate arguments that the court has already considered.

Therefore, the Court rejects Ingersoll-Rand's motion for reconsideration.

## **CONCLUSION**

The Court decided the parties' respective motions for partial summary judgment and issued an order striking only Ingersoll Rand's Second and Third Affirmative Defenses, which dealt with the releases signed by certain Dresser-Rand employees. The Court did not issue a determination, sua sponte or otherwise, concerning with the ultimate viability of the SIP. Based on the evidence presented at this early stage, it merely stated that it was persuaded that the SIP was not expired. The Court's statement has not prejudiced Ingersoll-Rand's ability to raise the issue of the viability of the SIP in future motions.

Neither has Ingersoll-Rand shown that the Court overlooked factual matters or controlling decisions of law that would have resulted in a different outcome. The Court, therefore, considers

Ingersoll-Rand's motion an inappropriate attempt to re-argue a decision of the Court. Additionally, the Court considers the additional evidence submitted by Ingersoll-Rand as an inappropriate attempt to expand the record after the decision.

Ingersoll-Rand's motion for reconsideration will be denied. An appropriate Order is attached.

/s/Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: January 8, 2007